UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SARA EAGER,

        Plaintiff,

v.

CREDIT BUREAU COLLECTION
SERVICES, INC. and ADVANTAGE
HEALTH/SAINT MARY'S
MEDICAL GROUP,

        Defendants.
_____/

Case No. 1:13-cv-30

HON. GORDON J. QUIST

PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND
REQUEST FOR AN EXTENSION OF TIME TO FILE A SUPPORTING BRIEF

Plaintiff moves for an order certifying this action as a class action pursuant to Fed.R.Civ.P. 23(b)(3) and appointing Phillip C. Rogers as class counsel pursuant to Fed.R.Civ.P. 23(g).

This lawsuit was filed on January 10, 2013.  Defendant Credit Bureau Collection Services, Inc. ("CBCS") was served with summons and complaint on January 10, 2013 and its responsive pleading will not be due until January 31, 2013.  Defendant Advantage Health/Saint Mary's Medical Group ("Advantage Health") was served with summons and complaint on January 14, 2013 and its responsive pleading will not be due until February 4, 2013.

Plaintiff's motion for class certification is filed at this early time in order to avoid any attempt by defendants to moot the case by making an offer of judgment under Rule 68 before a motion for class certification is filed.  In *Damasco v. Clearwire Corp.,* 662 F.3d 891 (7th Cir.

1

2011), the Seventh Circuit held that the defendant's offer of judgment that provided complete relief to the individual plaintiff, made prior to the plaintiff's filing of a motion for class certification, deprived the court of jurisdiction and mooted the case. The *Damasco* court advised that future plaintiffs could avoid that problem "simply by moving to certify a class when filing suit." *Id.* at 897. Whether an offer that satisfies the named plaintiffs' demands, made before a motion for class certification is filed, divests the court of jurisdiction is an issue currently pending before the Sixth Circuit, *Hrivnak v. NCO Portfolio Management, Inc.* Case No 11-3142. That case is awaiting decision by the U.S. Supreme Court in a similar case. *Stymczyk v. Genesis Healthcare Corp.* S.Ct. Case No. 10-3178, decision below at 656 F.3d 189 (3rd Cir. 2011).

Plaintiff proposes a General Class and a Subclass, defined as follows:

General class: Each and every natural person named as a defendant in a lawsuit filed on or after January 11, 2012 in any Michigan court, in which the complaint to initiate the lawsuit: (a) was filed by attorney Jeffrey VanHattum; (b) with information provided by Credit Bureau Collection Services, Inc.; (c) on behalf of a single, named plaintiff; (d) in connection with efforts to collect delinquent medical debts; (d) allegedly owed by the defendant to the plaintiff and one or more additional creditors; and (e) which falsely stated that the plaintiff had taken assignment of the claims of the additional creditors named on an exhibit attached to the complaint.

Subclass: Each and every natural person named as a defendant in a lawsuit filed on or after January 11, 2012 in any Michigan court, in which the complaint to initiate the lawsuit: (a) was filed by attorney Jeffrey VanHattum; (b) with information provided by Credit Bureau Collection Services, Inc.; (c) on behalf of Advantage Health/Saint Mary's Medical Group as the sole, named plaintiff; (d) in connection with efforts to collect delinquent medical debts; (d)

allegedly owed by the defendant to Advantage Health/Saint Mary's Medical Group and one or more additional creditors; and (e) which falsely stated that Advantage Health/Saint Mary's Medical Group had taken assignment of the claims of the additional creditors named on an exhibit attached to the complaint.

In support of this motion, plaintiff intends to file a supporting brief, establishing that the requirements for class certification under Fed.R.Civ.P. 23(a) and 23(b)(3) are satisfied, and that plaintiff's counsel qualifies as adequate class counsel under Fed.R.Civ.P. 23(g).

For the effective administration of justice and to conserve judicial resources, Plaintiff respectfully requests that the Court exercise its power to manage its docket, and enter an order extending indefinitely the time for the filing of plaintiff's brief in support of this motion, until after such time as defendants have filed their responsive pleadings, the parties' have filed their Joint Status Report, and the Court has convened a Rule 16 Scheduling Conference and at that time sets an appropriate briefing schedule for issues related to plaintiff's motion for class certification.

Dated: January 17, 2012                      Respectfully submitted,

/s/ Phillip C. Rogers
Phillip C. Rogers (P34356)
Attorney for Plaintiff
40 Pearl Street, N.W., Suite 336
Grand Rapids, Michigan 49503-3026
(616) 776-1176
ConsumerLawyer@aol.com

ATTEMPT TO OBTAIN CONCURRENCE

On January 17, 2012, plaintiff's counsel sent by mail to each defendant's registered agent, a copy of this motion and a cover letter asking each defendant to communicate to plaintiff's counsel whether defendants intend to oppose plaintiff's motion for class certification and whether defendants intend to oppose plaintiff's request for an extension of time to file plaintiff's brief in support of plaintiff's motion for class certification.  Plaintiff's counsel will communicate to the Court any response received from defendants.

Dated: January 17, 2012 Respectfully submitted,

/s/ Phillip C. Rogers
Phillip C. Rogers (P34356)
Attorney for Plaintiff
40 Pearl Street, N.W., Suite 336
Grand Rapids, Michigan 49503-3026
(616) 776-1176
ConsumerLawyer@aol.com