UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SARA EAGER,

       Plaintiff,

v.

CREDIT BUREAU COLLECTION
SERVICES, INC., ADVANTAGE
HEALTH/SAINT MARY'S MEDICAL
GROUP, and VAN HATTUM
& ASSOCIATES, P.C.,

       Defendants.
_____/

Case No. 1:13-CV-30

HON. GORDON J. QUIST

Filed in related cases:
1:13-CV-84
1:13-CV-159
1:13-CV-173
1:13-CV-261
1:13-CV-267
1:13-CV-341

## MEMORANDUM OPINION

In each of these putative class action cases, Plaintiffs have sued Defendants Credit Bureau Collection Services, Inc. (CBCS), Van Hattum & Associates, P.C. (VHA), and one of the following Defendants: Advantage Health/Saint Mary's Medical Group ( No. 1:13-CV-30); Spectrum Health Hospitals ( No. 1:13-CV-84); Metropolitan Hospital (1:13-CV-159); Spectrum Health Primary Care Partners (1:13-CV-173); Michigan Medical Patient Care (1:13-CV-261); Life EMS, Inc. (1:13-CV-267); and Sparrow Health System (1:13-CV-341) (collectively the Provider Defendants). Plaintiffs allege in each case that Defendants violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* (Count 1), the Michigan Collection Practices Act (MCPA), M.C.L. § 445.251 *et seq.* (Count 2), and the Michigan Occupational Code (MOC), M.C.L. § 339.101 *et seq.*, by, among other things, making false statements in state court collection complaints.

Plaintiffs allege that they owed consumer debts to the Provider Defendants for personal medical care or services. Plaintiffs further allege that the Provider Defendants retained CBCS—a debt collection agency—to collect the delinquent debts. CBCS subsequently forwarded the

delinquent accounts to VHA—a law firm—to file collection actions. VHA, in consultation with CBCS, filed collection actions solely on behalf of the Provider Defendants, but included in each complaint debts owed to other providers. Each three-paragraph form state-court complaint alleged that the plaintiff-Provider Defendant had received an assignment of the other claims from the other providers. Plaintiffs allege that such allegation was false because none of the other providers had assigned their claims to the plaintiff-Provider Defendant, and VHA, CBCS, and the Provider Defendant knew this when the complaints were filed.

CBCS and the Provider Defendants have filed motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). In addition, Plaintiffs have filed motions to amend their complaints to drop their state law claims. The Court rules as follows:

1.  **Preliminary Matters**

    A.  **Standing**. The Court rejects CBCS's, Advantage Health's, and Sparrow Health Systems's arguments that Plaintiffs lack Article III standing or standing under Michigan law to assert their FDCPA claims and state law claims because they fail to allege an actual injury. Plaintiffs seek statutory damages for the alleged violations, *see* 15 U.S.C. § 1692k(a)(2)(A), and this is sufficient to satisfy constitutional standing requirements. *See Beaudry v. TeleCheck Servs., Inc.*, 579 F.3d 702, 707 (6th Cir. 2009) (stating that "[n]o Article III (or prudential) standing problem arises" when Congress authorizes damages for violation of a statutory right, the plaintiff's statutory rights were violated, and the violation caused individual, rather than collective harm); *Fed. Home Loan Mortg. Corp. v. Lamar*, 503 F.3d 504, 513 (6th Cir. 2007) (noting that "a consumer may recover statutory damages if the debt collector violates the FDCPA even if the consumer suffered no actual damages"); *Edwards v. First Am. Corp.*, 610 F.3d 514, 517 (9th Cir. 2010) (stating that "[t]he injury required by Article III can exist solely by virtue of statutes creating legal rights, the invasion of which creates standing" (internal quotation marks omitted)). Plaintiffs also have

standing to assert their MOC claims, as the statutory violation itself may constitute the injury required for standing. M.C.L.A. § 339.916(1). Thus, while Plaintiffs may have not suffered actual damage, a statutory violation suffices to support a claim. *See Burrell v. Imperial Recovery Partners, LLC*, No. 11-11423, 2011 WL 2682694, at *3 (E.D. Mich. July 11, 2011) (awarding damages for statutory violation of the MOC).

  B. ***Rooker-Feldman* Doctrine**. The *Rooker-Feldman* doctrine, *see Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303 (1983), and *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 44 S. Ct. 149 (1923), does not bar this Court from exercising jurisdiction over Plaintiffs' claims.[1] The doctrine applies only to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 1521-22 (2005). Plaintiffs assert injuries based on Defendants' false allegation in the state-court complaints regarding the assignment, rather than injuries caused by the state-court judgments themselves. *See Todd v. Weltman, Weinberg & Reis Co., L.P.A.*, 434 F.3d 432, 437 (6th Cir. 2006) (*Rooker-Feldman* doctrine did not bar FDCPA claim based on the defendant's filing of a false affidavit in the state-court action); *Stolicker v. Muller, Muller, Richmond, Harms, Myers, and Sgroi, P.C.*, 387 F. Supp. 2d 752, 754 (W.D. Mich. 2005) (same).

  C. **MCPA Claims**. Pursuant to counsel's statements in Plaintiffs' briefs and at oral argument, Plaintiffs have abandoned their MCPA claims. The Court will therefore dismiss those claims with prejudice.

---

[1]This argument applies only as to those Plaintiffs against whom a state-court judgment was entered—all Plaintiffs in Case Nos. 1:13-CV-159, 1:13-CV-267, and 1:13-CV-341, Plaintiffs Cross, Ewing, Jones, and Sanders in 1:13-CV-84, and Plaintiff Repper in 1:13-CV-261.

3

  **D.** **Motions to Amend**.  Plaintiffs have moved pursuant to Federal Rule of Civil Procedure 15(a)(2) to amend their complaints to delete their state law claims.  Plaintiffs seek to dismiss their state law claims because Defendants' defenses raise involve novel and complex issues of state law within the meaning of 28 U.S.C. § 1367(c)(1).  Defendants oppose the motions, arguing that they are nothing more than procedural fencing, as Plaintiffs merely seek to avoid an adverse ruling on Defendants' pending motions to dismiss.  Under the circumstances, the Court concludes that justice does not require that Plaintiffs be granted leave to amend in order to, in effect, obtain a dismissal of their state law claims without prejudice.  Plaintiffs have abandoned their MCPA claims, leaving only their MOC claims.  As for the MOC claims, the Court considers neither the claims, nor Defendants' defenses, complex or novel under § 1367(c)(1).  Thus, the Court will deny the motions.

**2.** **Preclusion Doctrines**

  **A.** **Res Judicata**.  The Provider Defendants argue that res judicata, also known as claim preclusion, bars all claims against them in Case Nos. 1:13-CV-159, 1:13-CV-267, and 1:13-CV-341, the claims of Plaintiffs Cross, Ewing, Jones, and Sanders in Case No. 1:13-CV-84, and the claims of Plaintiff Repper in Case No. 1:13-CV-261.  The Court concludes that all of the requirements of res judicata are met in these cases with regard to the assignment-based claims.  *See Jon Jon's Inc. v. City of Warren*, 2013 WL 4564572, at *3 (6th Cir. Aug. 29, 2013) ("Michigan takes a broad view of res judicata that bars a subsequent action when: (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been resolved in the first." (internal quotation marks omitted)).  "Res judicata bars not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not."  *Id.* (internal quotation marks

omitted). The prior actions at issue were decided on the merits,[2] both actions involve the same parties, and Plaintiffs could have litigated their FDCPA and MOC claims in the state-court actions.[3] Finally, the fraud exception does not apply because Plaintiffs do not allege that the state-court judgments were procured by extrinsic fraud. *See Sprague v. Buhagiar*, 213 Mich. App. 310, 313, 539 N.W.2d 587, 589 (1995).

  **B.**  <u>**Collateral Estoppel**</u>. Collateral estoppel, or issue preclusion, also bars the above-identified Plaintiffs from asserting their assignment-based FDCPA and MOC claims against the Provider Defendants and CBCS in these cases. *See United States v. Dominguez*, 359 F.3d 839, 842 (6th Cir. 2004) (citing *Michigan v. Gates*, 434 Mich. 146, 154–56, 452 N.W.2d 627, 630–31 (1990)) (collateral estoppel requires that (1) the parties in both proceedings are the same or in privity, (2) there was a valid, final judgment in the first proceeding, (3) the same issue was actually litigated in the first proceeding, (4) that issue was necessary to the judgment, and (5) the party against whom preclusion is asserted (or its privy) had a full and fair opportunity to litigate the issue).[4] The state-court judgments, including the default judgments, are valid and binding, as Plaintiffs fail to allege

---

[2] Michigan law considers a default judgment a decision on the merits. *Richards v. Tibaldi*, 272 Mich. App. 522, 531, 726 N.W.2d 770, 776 (2006); *Braxton v. Litchalk*, 55 Mich. App. 708, 714, 223 N.W.2d 316, 319 (1974).

[3] "The test for determining whether two claims arise out of the same transaction and are identical for res judicata purposes is whether the same facts or evidence is essential to the maintenance of the two actions." *Schwartz v. City of Flint*, 187 Mich. App. 191, 194–95, 466 N.W.2d 357, 360 (1991) (per curiam). The existence or non-existence of the alleged assignments was central to the Provider Defendants' claims in state court and is likewise central to Plaintiffs' FDCPA and MOC claims in these cases. Hence, Plaintiffs could have raised their claims as counterclaims in the state-court actions. *See Abu-Joudeh v. Abu-Joudeh*, No. 301305, 2012 WL 1060627, at *3 (Mich. Ct. App. Mar. 29, 2012) (per curiam); *Anderson v. Buckman, MacDonald & Bauer*, No. 300459, 2011 WL 6268195, at *2 (Mich. Ct. App. Dec. 15, 2011) (per curiam).

[4] *Stolicker v. Muller, Muller, Richmond, Harms, Myers, and Sgroi, P.C.*, 387 F. Supp. 2d 752 (W.D. Mich. 2005), is not to the contrary. It is not clear whether the court's reference to a "collateral attack" was intended to refer to res judicata, collateral estoppel, or some other doctrine. Regardless, the case is distinguishable from these cases. In *Stolicker* the plaintiff alleged that the defendant submitted a false affidavit in connection with an application for a default judgment. The court concluded that the false affidavit allegation was separate from the issues addressed in the state court proceeding. *Id.* at 755. In contrast, in this case Plaintiffs allege that the allegation regarding the assignment was false. The existence of the assignment was critical to the Provider Defendants' success on their claims seeking to recover the debts incurred to the other medical providers.

extrinsic fraud.[5] *Sprague*, 213 Mich. App. at 313–14, 539 N.W.2d at 589. In addition, the issue of the alleged assignments—a factual allegation—was both actually litigated and necessary to the judgments.[6]

### 3. FDCPA Claims

**A. <u>Provider Defendants' Status as Debt Collectors</u>**. Plaintiffs' allegations fail to establish that the Provider Defendants were debt collectors under the FDCPA. 15 U.S.C. § 1692a(6). Plaintiffs allege that the Provider Defendants and the other providers referred to in the state-court complaints placed their delinquent accounts directly with CBCS, and CBCS placed the accounts with VHA pursuant to a written contract between CBCS and VHA. (*See, e.g.*, Case No. 1:13-CV-159, dkt. # 19 ¶¶ 13, 16, 19, 20.) Plaintiffs further allege that CBCS designated the Provider Defendants as the sole plaintiffs in the state-court lawsuits, instructed VHA to file the lawsuits on behalf of the Provider Defendants, and instructed VHA to name the Provider Defendants as the sole plaintiffs in the respective state-court complaints. (*See id.* ¶¶ 27–29.) Similarly, Plaintiffs allege that VHA alone decided to designate the Provider Defendants as the sole plaintiffs in the respective state-court complaints, alone decided to file the state-court complaints on behalf of the named Provider Defendants, and alone decided to name the Provider Defendants as the sole plaintiffs. (*See id.* ¶¶ 30–32.) Plaintiffs make no similar allegations as to the Provider Defendants, nor do Plaintiffs allege that the Provider Defendants actually did anything—aside from agreeing to

---

[5]Plaintiffs do not dispute that the Provider Defendants were the same parties in the state-court cases or that CBCS was in privity with the Provider Defendants.

[6]With regard to the default judgments at issue, the Court considers the Michigan Supreme Court's decision in *Barnes v. Jeudevine*, 475 Mich. 696, 718 N.W.2d 311 (2006), the most authoritative source on whether a true default judgment (based on the defendant's failure to appear or otherwise defend) fulfills the actually litigated requirement under Michigan law. The *Barnes* court confirmed that "'[a] default judgment is just as conclusive an adjudication and as binding on the parties of whatever is essential to support the judgment as one which has been rendered following answer and contest.'" *Id.* at 705, 718 N.W.2d at 315 (quoting *Perry & Derrick Co. v. King*, 24 Mich. App. 616, 620, 180 N.W.2d 483, 485 (1970)). Accordingly, Defendants may claim collateral estoppel based on the default judgments at issue.

serve as the sole plaintiff in the state-court collection actions—to collect the debt. In this Court's judgment, such passive conduct is too attenuated to debt collection activity to render a creditor otherwise beyond the FDCPA's reach a debt collector. Moreover, because the Provider Defendants were creditors rather than debt collectors, they may not be held liable for the acts of CBCS or VHA. *Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 106–08 (6th Cir. 1996).

  B.  <u>Sections 1692e, 1692e(2)(A), 1692e(10)</u>. Plaintiffs have stated claims against CBCS (where not barred by collateral estoppel) for violation of 15 U.S.C. §§ 1692e (prohibiting " any false, deceptive, or misleading representation or means in connection with the collection of any debt"), 1692e(2)(A) (prohibiting false representations concerning "the character, amount, or legal status of any debt"), and 1692e(10) (prohibiting "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt") based on the false assignment allegations. *Harvey v. Great Seneca Financial Corp.*, 453 F.3d 324 (6th Cir. 2006), is distinguishable from the instant case. *Harvey* establishes that a debt collector's lack of proof of ownership and amount of the debt at the time the complaint is filed does not violate the FDCPA. *See id.* at 331–32. In the instant cases, Plaintiffs do not simply allege a lack of proof, but instead the assertion of a *false* allegation in a collection complaint, rendering Plaintiffs' claims similar to the plaintiff's claim in *Delawder v. Platinum Financial Services Corp.*, 443 F. Supp. 2d 942, (S.D. Ohio 2005), in which the plaintiff alleged that the defendants violated the FDCPA by attaching an affidavit containing false assertions to their state-court complaint. *Id.* at 948.

  C.  <u>Section 1692f.</u> Plaintiffs' claims under § 1692f will be dismissed with prejudice because Plaintiffs fail to allege misconduct beyond that covered by the preceding provisions of the FDCPA. *See, e.g.*, *Eslava v. AllianceOne Receivables Mgmt., Inc.*, No. 12-0425-WS-N, 2012 WL 4336012, at *3 (S.D. Ala. Sept. 20, 2012) ("Case law clearly establishes that, to state a claim for

7

violation of § 1692f, a plaintiff must either allege improper acts specifically enumerated in that section or allege misconduct beyond that which the plaintiff alleges violates other provisions of the FDCPA."); *Dicesari v. Asset Acceptance LLC*, No. 11-CV-6815, 2012 WL 4108944, at *3 (E.D. Pa. Sept. 18, 2012) (stating that "because the conduct that the Plaintiff alleges fits within another provision of the FDCPA, Plaintiff's § 1692f claim fails to state a claim upon which relief can be granted").

        D.        **Section 1692e(14)**. Plaintiffs' claims against the Provider Defendants in Case Nos. 1:13-CV-84, 1:13-CV-173, and 1:13-CV-261 under § 1692e(14) will be dismissed on the ground that the Provider Defendants are not debt collectors under the FDCPA.

**4.**        **MOC Claims**

        A.        **Provider Defendants.** Plaintiff's MOC claims against the Provider Defendants will be dismissed with prejudice because, for substantially the same reasons that they do not qualify as debt collectors under the FDCPA, they are not collection agencies as defined by the MOC. *See* M.C.L.A. § 339.901(b).

        B.        **CBCS.** For the same reasons Plaintiffs state FDCPA claims against CBCS under § 1692e, 1692e(2)(A), and 1692e(1), they also state MOC claims against CBCS for violation of M.C.L.A. § 339.915(a), (e), (f)(i), and (f)(ii). Plaintiffs' claims for violation of M.C.L.A. § 339.915(q) ("Failing to implement a procedure designed to prevent a violation by an employee.") will be dismissed, as Plaintiffs fail to allege a sufficient factual basis for these claims. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964–65 (2007) .

        Plaintiffs' claims for violation of M.C.L.A. § 339.915a(b), (d), and (f)—all of which pertain to the practice of law—will be dismissed for failure to state a claim. First, Plaintiffs have failed to allege that CBCS engaged in any conduct that violated § 339.915a(b) (prohibiting, among other

things, "engaging in the practice of law"). Plaintiffs allege that VHA, not CBCS, initiated and conducted the state-court actions. Second, Plaintiffs fail to allege that CBCS violated § 339.915a(d) (prohibiting a collection agency from "[e]mploying or retaining an attorney to collect a claim") because Plaintiffs admit that CBCS had agreements with the Provider Defendants and other providers that authorized CBCS to "place the delinquent accounts with an attorney, selected by CBCS, at a time selected by CBCS, to file collection lawsuits on behalf of those creditors . . . ." (*See, e.g.*, Case No. 1:13-CV-30, dkt. # 25 ¶ 95.) Such conduct pursuant to a written agreement with the creditor is specifically authorized under § 339.915a(d). Finally, Plaintiffs fail to allege a violation of § 339.915a(f) (prohibiting "[s]oliciting, purchasing, or receiving an assignment of a claim for the sole purpose of instituting an action on the claim in a court") because Plaintiffs do not allege that CBCS received an assignment of the claims.

      **C.**    **Michigan's Litigation Privilege**. The Court rejects CBCS's contention that the litigation privilege recognized under Michigan law bars Plaintiffs' MOC claims, which parallel Plaintiffs' claims under the FDCPA. *See Komarova v. Nat'l Credit Acceptance Corp.*, 175 Cal. App. 4th 324, 336–38 (holding that California's litigation privilege did not apply to claims under California's Robbins-Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.*, and observing that application of the privilege would vitiate the state act and render its protections meaningless).

**5.**    **Summary**

      In sum, Plaintiffs' claims against all Provider Defendants will be dismissed on the grounds of res judicata/collateral estoppel (as applicable) or because the Provider Defendants are not debtor collectors/collection agencies under the FDCPA and the MOC. Plaintiffs' MOC claims against CBCS alleging violations of M.C.L.A. §§ 339.915(q) and 339.915a will be dismissed for failure to

9

state a claim.  Finally, all FDCPA and MOC claims against CBCS in Case Nos. 1:13-CV-159, 1:13-CV-267, and 1:13-CV-341, the claims of Plaintiffs Cross, Ewing, Jones, and Sanders in Case No. 1:13-CV-84, and the claims of Plaintiff Repper in Case No. 1:13-CV-261 will be dismissed on the grounds of res judicata/collateral estoppel.

The following claims remain.

Case Nos. 1:13-CV-30 and 173:  Plaintiffs' surviving FDCPA and MOC claims against CBCS and  Plaintiffs' claims against VHA.

Case No. 1:13-CV-84:  Plaintiffs Whiteside's and Brown's surviving FDCPA and MOC claims against CBCS and all Plaintiffs' claims against VHA.

Case Nos. 1:13-CV-159, 267, and 341:  Plaintiffs' claims against VHA.

Case No. 1:13-CV-261:  Plaintiffs Gorman's and Woday's surviving FDCPA and MOC claims against CBCS and all Plaintiffs' claims against VHA.

Separate and appropriate Orders consistent with this Memorandum Opinion will be entered in each case.


Dated:  October 18, 2013                              /s/ Gordon J. Quist
                GORDON J. QUIST
               UNITED STATES DISTRICT JUDGE